IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GMAC MORTGAGE, LLC,

    Plaintiff,

v.

MIGUEL LOPEZ,

    Defendant.
_____/

Case No. C 11-02347-DMR

**REASSIGNMENT ORDER AND REPORT AND RECOMMENDATION REGARDING SUMMARY REMAND**

This case was removed from Solano County Superior Court, where it was pending as a complaint for unlawful detainer against defendant Miguel Lopez, who appears here *in pro se* and has filed a motion to appear *in forma pauperis*. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Plaintiff has not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the Court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that summary remand be ordered.

Lopez removed this action pursuant to 28 U.S.C. § 1441(a), on the grounds that the complaint presents a federal question such that it could have originally been filed in this Court.

1  Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction
2  in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated*
3  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  "[T]he presence or absence of
4  federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
5  federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's
6  properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)
7  (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to
8  evaluating the existence of federal questions in cases brought initially in federal court and in
9  removed cases.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826,
10 830 n.2 (2002).  Relevant for purposes here, a federal question only exists when it is presented by
11 what is or should have been alleged in the complaint.  *Id.* at 830.  Whether a federal question may be
12 implicated through issues raised by an answer or counterclaim is insufficient for purposes of
13 establishing federal court jurisdiction.  *Id.* at 831.
14      According to Lopez's notice of removal, the purported federal question here arises because
15 Plaintiff GMAC Mortgage, Corp. violated certain federal notice provisions.  Specifically, he argues
16 that GMAC Mortgage, Corp. failed to provide 90 days notice to quit, as required by the Helping
17 Families Save Their Homes Act of 2009.  *See* Pub. L. No. 111-22, 123 Stat. 1660.  The complaint
18 filed in Solano County Superior Court, however, simply alleges a state cause of action under
19 unlawful detainer.  Whatever Lopez may intend to argue in response to this allegation does not give
20 rise to removal jurisdiction.  Therefore, the Court recommends that this action be remanded to the
21 Solano County Superior Court, that the motion to proceed *in forma pauperis* be denied as moot and
22 that the Clerk be ordered to close the case file.  The Clerk is directed to reassign this case to a
23 District Judge.

24
25 Dated: June 2, 2011

*IT IS SO ORDERED*
*Judge Donna M. Ryu*

26
27                              _____
                                DONNA M. RYU
                                UNITED STATES MAGISTRATE JUDGE
28

United States District Court
For the Northern District of California