United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GMAC MORTGAGE, LLC,

    Plaintiff,

v.

MIGUEL LOPEZ,

    Defendant.
_____/

No. C-11-2347 EMC

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION ON DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND GRANTING PLAINTIFF'S MOTION TO REMAND**

**(Docket Nos. 3, 8, 10)**

    Plaintiff GMAC Mortgage, LLC initiated this unlawful detainer action in state court. Defendant Miguel Lopez subsequently removed the case to federal court. Currently pending before the Court is Mr. Lopez's application to proceed in forma pauperis.

    Magistrate Judge Ryu has prepared a report and recommendation on Mr. Lopez's application. In the report, Judge Ryu recommends that the case be remanded to the state court for lack of subject matter jurisdiction and that the in forma pauperis application be denied as moot. *See* Docket No. 8 (R&R). Neither party has filed an objection to the report and recommendation, although after the report and recommendation was issued, GMAC filed an ex parte application for an order remanding the case (also based on lack of subject matter jurisdiction). Having reviewed the report and recommendation, the Court hereby adopts in part the recommended disposition. *See* Fed. R. Civ. P. 72(a)(3) (providing that a report and recommendation may be accepted, rejected, or modified).

    The report and recommendation is revised to the extent it recommends that the in forma

pauperis application be denied as moot.  The Court prefers that the application should be evaluated first before it turns to the issue of subject matter jurisdiction.  Having evaluated Mr. Lopez's financial affidavit, the Court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the application to proceed in forma pauperis.

While the Court grants the in forma pauperis application, it fully agrees with Judge Ryu that subject matter jurisdiction over the case is ultimately lacking.  *See Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction).  As Judge Ryu correctly notes, federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's answer or counterclaims.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).  Therefore, the Court remands the case back to the state court from which it was removed.[1]

Because the Court remands the case based on Judge Ryu's report and recommendation, GMAC's ex parte application to remand, which was not filed until after the report and recommendation was issued, is moot.  The Court acknowledges that, in its ex parte application, GMAC asked for sanctions (pursuant to Federal Rule of Civil Procedure 11) based on the improper removal.  However, GMAC need not have incurred any attorney's fees because Judge Ryu had issued a report recommending remand before GMAC's motion was even filed.  Even if she had not, the Court would still deny the request for sanctions.  Rule 11 permits a sanction only after the nonmoving party has been given notice and a reasonable opportunity to respond.  *See* Fed. R. Civ. P. 11(c)(1).  But here GMAC has sought sanctions on an ex parte basis.  Furthermore, GMAC has

---

[1] The Court notes that the case was removed from a state court in Solano County.  Therefore, Mr. Lopez should have removed to the Eastern District of California, not the Northern District of California.  *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").  Most courts, however, deem a removal to the wrong district a procedural defect rather than a jurisdictional one.  *See, e.g.*, *Kreimerman v. Casa Veerkamp*, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994).  Thus, if this Court did have subject matter jurisdiction over the case, then it would simply have transferred the case to the Eastern District; but without subject matter jurisdiction, this Court must remand.  *See id.*; *Corporate Visions, Inc. v. Sterling Promotional Corp.*, No. 00-CV-4663 (FB), 2000 U.S. Dist. LEXIS 19977, at *2 (E.D.N.Y. Aug. 16, 2000).]

2

failed to demonstrate that, before it moved for sanctions under Rule 11, it gave Mr. Lopez an opportunity to correct the improper removal. *See* Fed. R. Civ. P. 11(c)(2) (providing that a "motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets"); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 778 (9th Cir. 2001) (concluding that, because this procedure was not followed, moving party was not entitled to obtain an award from the plaintiffs).

For the foregoing reasons, the Court adopts in part the report and recommendation. More specifically, it grants Mr. Lopez's application to proceed in forma pauperis and adopts the recommendation to dismiss the case for lack of subject matter jurisdiction. In addition, the Court denies as moot GMAC's ex parte application for a remand and denies GMAC's request for Rule 11 sanctions.

The Clerk of the Court is directed to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket Nos. 3, 8, and 10.

IT IS SO ORDERED.

Dated: June 30, 2011

_____
EDWARD M. CHEN
United States District Judge